IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LELAND KIM MCCUBBIN, JR. and DANIEL JOSEPH LUCERO,<br><br>Plaintiffs,<br><br>vs.<br><br>WEBER COUNTY, OGDEN CITY, CHRISTOPHER ALLRED, in his official capacity, and DOES 1-10<br><br>Defendants. | **MEMORANDUM DECISION & ORDER DENYING OGDEN CITY'S MOTION FOR LEAVE TO AMEND ITS ANSWER**<br><br>Consolidated Case Nos. 1:15-cv-132 & 1:15-cv-133<br><br>Judge Clark Waddoups |

Defendant Ogden City has moves the court for leave to amend its answer, (Dkt. No. 76). Upon review of the briefing, the court finds oral argument unnecessary to resolve this motion. Because the court concludes Ogden City has not established good cause for amendment, the court **DENIES** Ogden's Motion, (Dkt. No. 76).

## BACKGROUND

On October 16, 2015, Plaintiffs filed separate complaints alleging a "gang injunction" obtained by Weber County and Ogden City had violated their federal and state constitutional rights. (Dkt. No. 2.) In March 2016, the court consolidated the cases. (Dkt. No. 30.) The court granted Plaintiffs leave to amend their complaints on September 14, 2016, (Dkt. No. 49), and Ogden filed its answer to the Amended Complaint on September 30, 2016, (Dkt. No. 56).

On October 11, 2016, the court entered a scheduling order based upon the parties' attorney planning report. (Dkt. No. 59.) The scheduling order set a February 10, 2017 deadline

for the parties to amend their pleadings. (*Id.*)[1]

On June 29, 2017, Ogden filed a Motion for Leave to Amend Its Answer to include affirmative defenses for res judicata, collateral estoppel, issue preclusion, claim preclusion, and/or the Rooker-Feldman doctrine based on the state court's prior ruling that the injunction at issue in this case did not violate the Constitution. (Dkt. No. 76.) Ogden argues that under Federal Rule of Civil Procedure 15(a) justice requires that the court grant its requested amendment because Plaintiffs will not be prejudiced, Ogden has not unduly delayed, and amendment is not futile. (*See id.* at 5-6.) Because Plaintiffs identified the state court ruling in their initial disclosures and discovery responses, Ogden argues, Plaintiffs knew of the grounds for these defenses from the outset of the case and therefore are not prejudiced by amendment now. (*See id.* at 5.) In addition, Ogden states it has not unduly delayed in seeking amendment because it filed this motion "immediately . . . upon determining that the state court's ruling regarding due process could apply to Plaintiffs' claims." (*Id.*)

Plaintiffs opposed the motion on the grounds that these defenses would be meritless considering the Utah Supreme Court voided the injunction *ab initio*, and so any ruling by the state court below on the constitutionality of the injunction or the Plaintiffs' claims no longer stands. (*See* Dkt. No. 78 at 2-4.) Plaintiffs also assert that Ogden has long known of these potential defenses and that Ogden has not explained its delay in seeking amendment now. (*See id.* at 4-5.) Finally, Plaintiffs argue that allowing amendment would prejudice them by requiring them to face and defend against these defenses now and in the future. (*See id.* at 5-6.)

In its reply, Ogden shifts its rationale underlying the motion: instead of basing these

---

[1] On March 21, 2017, the parties moved to amend the scheduling order, but did not change the deadline to amend pleadings. The court entered the amended scheduling order the next day, which maintained the then-passed amendment deadline of February 10, 2017. (*See* Dkt. No. 69.)

defenses on the state court's ruling—a ruling on which Ogden concedes it cannot rely—Ogden contends that the Plaintiffs' state court PCRA petitions provide the basis to assert these affirmative defenses. (*See* Dkt. No. 79 at 1-2.) Ogden further argues that the defenses are meritorious; that amendment serves the interests of consistency, fairness, and judicial economy; and, again, that amendment would not prejudice the Plaintiffs. The only explanation Ogden provides for why it did not plead these defenses initially or file this motion before the amendment deadline is that Ogden "needed time to fully evaluate all of the pleadings in the Plaintiffs' Utah state court PCRA cases, which were extensive." (*Id.* at 11.)

## ANALYSIS

Because Ogden seeks to amend its answer after the time for amendment under the court's scheduling order has expired,[2] it must demonstrate both "(1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The court begins by considering Rule 16's good cause requirement. *See id.* at 1241–42.

"Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)).[3]

---

[2] As discussed, the parties were required under the scheduling order to amend their pleadings no later than February 10, 2017. (Dkt. Nos. 59 & 69.)

[3] Nowhere in the briefing do the parties address Rule 16's good cause requirement. Ogden has sophisticated counsel representing it, however, and Ogden's failure to adequately explain its delay in seeking to amend its answer, even absent other considerations, justifies denial of

The court has the discretion to determine whether the moving party has established good cause in any particular case. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015). In the Tenth Circuit, good cause "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* (alteration in original) (quoting *Gorsuch*, 771 F.3d at 1240). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* "If the plaintiff knew of the underlying conduct but simply failed to raise [the appropriate] claims, however, the claims are barred." *Id.*; *accord Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). Good cause to amend does not exist where a party fails to bring an available claim due to an error of law or fact, a strategic decision, or a mere oversight. *See, e.g.*, *Gorsuch*, 771 F.3d at 1241–42 (concluding plaintiffs' error of law did not constitute good cause to amended their pleadings after the amendment deadline).

In *Zisumbo v. Ogden Regional Medical Center*, 801 F.3d 1185 (10th Cir. 2015), the Tenth Circuit considered whether amendment beyond the scheduling order deadline should be permitted. *Id.* at 1196. The plaintiff had sued his employer for race discrimination and retaliation in violation of Title VII and for a violation of Utah law. He subsequently moved to amend his complaint to add a § 1981 claim and additional state law claims based on the same facts underlying the Title VII race discrimination claims. *Id.* at 1194. He offered two explanations for the untimely amendment: first, that his lawyer did not realize until later that he could assert a § 1981 claim and, second, that he only learned of the facts necessary to assert the state law claims

---

amendment. *See, e.g.*, *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) ("[U]nexplained delay alone justifies the district court's discretionary decision.").

4

in discovery. *Id.* at 1196. The Court rejected both arguments, holding that amendment was not appropriate because the plaintiff possessed all of the facts necessary to assert these claims well before the deadline for amending the complaint had expired. *Id.* The court explained, "belated realizations" that a claim not previously pled may be available, absent new facts, "do not justify granting an untimely motion to add new claims." *Id.*[4]

Considering Ogden's motion in light of the case law, the court concludes that Ogden has not shown good cause to amend its answer. First, Ogden does not dispute that it failed to amend its answer to assert additional affirmative defenses within the time permitted by the scheduling order. Instead, Ogden asserts that it only learned of the basis for these defenses after reviewing the Plaintiffs' PCRA proceedings in state court. But Odgen was a party to both of the Plaintiffs' state PCRA cases. (*See* Dkt. Nos. 79-1 through 79-7 (documents from Plaintiffs' respective PCRA cases).) The documents Ogden has submitted from the PCRA proceedings show that it was served with relevant filings and rulings in those cases, and that both cases had ended by July 2016. (*See* Dkt. Nos. 79-4 & 79-7.) Thus, Ogden knew all of the facts and law necessary to raise these defenses well before they filed their answer.

In fact, Ogden's answer entirely consists of twenty-three defenses, with a blanket denial of all allegations in the Amended Complaint embedded in the Second Defense. (*See* Dkt. No. 56.) Ogden's decision not to plead these additional defenses based on documents it had in its possession at the time and proceedings to which it was a party—whether the result of a strategic decision, an erroneous assumption of law or fact, or mere oversight—does not present grounds for amendment now, nearly six months after the amendment deadline has passed. *See Birch*, 812 F.3d at 1248–49 (10th Cir. 2015) ("Because Appellants 'knew of the underlying conduct but

---

[4] Notably, the Court in *Zisumbo* considered this issue under Rule 15's more lenient standard. 801 F.3d 1185, 1196 (10th Cir. 2015).

simply failed to raise [their] claims,' *Gorsuch*, 771 F.3d at 1240, they cannot establish 'good cause' under Rule 16."). Ogden cannot tenably suggest that it learned of these defenses only after it received Plaintiffs' initial disclosures, or that it took until June 2017 to review the PCRA proceedings and realize these affirmative defenses might apply to this case. Accordingly, Rule 16(b)(4) prohibits amendment here.

This conclusion makes it unnecessary for the court to consider whether amendment would be permitted under Rule 15(a)'s more lenient standard. *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [plaintiffs] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *accord Birch*, 812 F.3d at 1249. As noted above, however, the court would find that Ogden has failed to adequately justify its delay in seeking to amend its answer and deny the Motion under Rule 15(a) as well.

## CONCLUSION

For the foregoing reasons, the court **DENIES** Ogden's Motion for Leave to Amend its Answer, (Dkt. No. 76).

DATED this 4th day of August, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge