IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LELAND KIM MCCUBBIN, JR. and DANIEL JOSEPH LUCERO, <br><br> Plaintiffs, <br><br> vs. <br><br> WEBER COUNTY, OGDEN CITY, CHRISTOPHER ALLRED, in his official capacity, and DOES 1-10 <br><br> Defendants. | **MEMORANDUM DECISION & ORDER DENYING OGDEN CITY'S MOTION TO RECONSIDER** <br><br> Consolidated Case Nos. 1:15-cv-132 & 1:15-cv-133 <br><br> Judge Clark Waddoups |

Defendant Ogden City asks the court to reconsider its order denying Ogden's motion for leave to amend its answer. (Dkt. No. 87.) The court previously found that Ogden had not shown good cause under Federal Rule of Civil Procedure 16(b)(4) to amend its answer nearly six months after the amendment deadline passed when the defenses Ogden sought to assert and the facts on which those defenses were predicated were known to Ogden before the amendment deadline. (*See* Dkt. No. 80.) Because the court concludes Ogden City has not presented sufficient grounds to reconsider the previous order, the court **DENIES** Ogden's motion, (Dkt. No. 87).[1]

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended

---

[1] Neither party requests a hearing on the motion, and the court finds oral argument unnecessary to resolve it.

the facts, a party's position, or the controlling law." *Id.* But the Tenth Circuit has admonished parties that successive motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments or supporting facts which were available at the time of the original motion." *Id.* "Absent extraordinary circumstances . . . the basis for [a] second motion must not have been available at the time the first motion was filed[,]" and "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Ogden does not argue a change in law or present new evidence. Rather, Ogden's motion essentially reargues its prior motion for leave to amend, which is inappropriate on a motion for reconsideration. Nonetheless, the motion for reconsideration could be construed as arguing for the need to correct clear error or prevent manifest injustice.

After considering Ogden's arguments, the court senses no clear error in its previous order and no manifest injustice in denying reconsideration. Ogden argues, as it did before, that it was diligent in its efforts to meet the amendment deadline and only neglected to include the affirmative defenses for res judicata, collateral estoppel, issue preclusion, claim preclusion, and/or the Rooker-Feldman doctrine "because counsel had to review and evaluate thousands of pages of broad, and in some cases, unmarked, discovery responses." (Dkt. No. 87, p. 4.) But the court previously concluded that Ogden had relevant documents from the Plaintiffs' PCRA proceedings in its possession well before the amendment deadline. In fact, because Ogden was a party to the PCRA proceedings, Ogden knew or should have known of the relevant facts and conduct underlying these defenses independent of any discovery or disclosures by the Plaintiffs. *See Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) ("If the [party] knew of the underlying conduct but simply failed to raise [the appropriate] claims, however, the claims

are barred."); *accord Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). Ogden's arguments regarding Plaintiffs' extensive disclosures do not change the reality that Ogden had the predicate facts necessary to raise these defenses before they filed their answer, and well before they moved to amend.

Furthermore, though Ogden states that it was properly and diligently evaluating the voluminous discovery and each of the Plaintiffs' claims, Ogden does not explain what facts it learned upon review of the discovery to make it aware of these defenses only after discovery and why those facts were not available to it prior to the discovery.

Though a showing of prejudice to the other side is not required in these circumstances, the court also finds that the addition of these several defenses would prejudice the Plaintiffs at this point in the proceedings. Depositions have been taken and the fact discovery deadline, extended twice now by the parties, closed on September 25, 2017.

For these reasons, the court **DENIES** Ogden's Motion to Reconsider, (Dkt. No. 87).

DATED this 28th day of September, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge