Frank D. Mylar (5116)
Andrew R. Hopkins (13748)
MYLAR LAW, P.C.
2494 Bengal Blvd.
Salt Lake City, Utah 84121
Phone: (801) 858-0700
Fax:    (801) 858-0701
Mylar-Law@comcast.net

Attorneys for Defendants Weber County and Christopher Allred

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| LELAND KIM McCUBBIN, JR. and DANIEL JOSEPH LUCERO,<br><br>Plaintiffs,<br><br>v.<br><br>WEBER COUNTY, OGDEN CITY, and CHRISTOPHER ALLRED, in his official capacity,<br><br>Defendants. | **WEBER COUNTY AND CHRISTOPHER ALLRED'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWER**<br><br>Case No. 1:15-cv-132-CW<br>Consolidated with Case No. 1:15-cv-133<br><br>District Judge Clark Waddoups |

Defendants, Weber County and Christopher Allred (hereinafter Weber County Defendants or County Defendants), through their attorneys Frank D. Mylar and Andrew R. Hopkins, respectfully submit this Reply Memorandum in Support of their Motion for leave to file an Amended Answer to Plaintiffs' Amended Consolidated Complaint. (Doc. No. 152). Weber County Defendants' motion should be granted based upon the pleadings, the undisputed material facts, and the following reply arguments:

## REPLY ARGUMENT

### I. Good cause exists to allow the Amended Answer.

As Plaintiffs correctly point out, under Federal Rule of Civil Procedure 16, "good cause" is required to allow an out-of-time amendment. Good cause can be shown if a party "learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The settlement of Ogden City completely changes the posture of this suit. The claims against Ogden City were nearly identical to the claims against Weber County Defendants. If Ogden City were to have remained in this suit, any damages awarded would have been apportioned between all Defendants. However, after the settlement this will not happen anymore unless Weber County Defendants shows they are entitled to a setoff. With Ogden City dismissed as a party, the strategy of this suit necessarily changes for Weber County Defendants, and accordingly move the Court to amend their answer.

Weber County Defendants moved the Court for leave to amend promptly after learning about the settlement between Plaintiffs and Ogden City. There was no undue delay in their request. Further, no prejudice would result from the amendment, and Plaintiffs make no such claim that they would be prejudiced by the amendment in their Opposition Memorandum. (Doc. No. 155). Therefore, good cause exists to allow the proposed Amended Answer to be filed.

### II. Amending the Answer would not be futile.

Plaintiffs claim in a conclusory fashion that amending the Answer with a new affirmative defense would be futile. Weber County Defendants' motion for leave is not arguing the legal validity of a setoff resulting from settlement, but rather is simply putting Plaintiffs on notice that it may be an affirmative defense that is raised in the future. Whether such an affirmative defense

is futile or not is not presently before the Court, and not necessary to be decided at this time. Regardless, the proposed amendment is not futile, and at the very least is better addressed elsewhere. *See, e.g.*, *Dakota Station II Condo. Ass'n. v. Auto-Owners Ins. Co*., 2015 U.S. Dist. LEXIS 147473, at *15-16 (D. Colo. 2015) (declining to engage in a detailed futility analysis in the context of motion to amend where the arguments were more appropriately addressed in a summary judgment motion).

Weber County Defendants have found cases that suggest a setoff is allowed in Section 1983 suits. *See generally Dobson v. Camden*, 705 F.2d 759 (5th Cir. 1983) (holding the policies of Section 1983 "allow credit for a settlement by a joint tortfeasor in proportion to the amount of the injury caused by that tortfeasor"); *see also Big Elk v. Bd. of County Comm'rs*, 3 Fed. Appx. 802, 808-9 (10th Cir. 2001) (allowing a reduction in plaintiffs' damages award because of money received in a settlement agreement). Since analyzing the futility of the amendment is not necessary at this stage, and the amendment would not be futile, the Court should grant leave for Weber County Defendants to file an Amended Answer.

**WHEREFORE:** The Court should grant leave for Weber County Defendants to file their Amended Answer to Plaintiffs' Amended Complaint.

Dated this 28th day of March, 2018.

*/s/ Andrew R. Hopkins*

Frank D. Mylar
Andrew R. Hopkins
Attorneys for Weber County Defendants