IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LELAND KIM MCCUBBIN, JR. and DANIEL JOSEPH LUCERO,<br><br>Plaintiffs,<br><br>vs.<br><br>WEBER COUNTY, OGDEN CITY, CHRISTOPHER ALLRED, in his official capacity, and DOES 1-10<br><br>Defendants. | **MEMORANDUM DECISION & ORDER DENYING WEBER COUNTY AND CHRISTOPHER ALLRED'S MOTION FOR LEAVE TO AMEND THEIR ANSWER**<br><br>Consolidated Case Nos. 1:15-cv-132 & 1:15-cv-133<br><br>Judge Clark Waddoups |

Defendants Weber County and Christopher Allred (Weber County Defendants) move the court for leave to amend their answer, (ECF No. 55). Because the court concludes that the Weber County Defendants have not established good cause for amendment, the court **DENIES** the Weber County Defendants' Motion, (ECF No. 152).

## BACKGROUND

On October 16, 2015, Plaintiffs filed separate complaints alleging a "gang injunction" obtained by Weber County and Ogden City had violated their federal and state constitutional rights. (*See* ECF No. 2.) In March 2016, the court consolidated the cases. (ECF No. 30.) The court granted Plaintiffs leave to amend their complaints on September 14, 2016, (ECF No. 49), and the Weber County Defendants filed their answer to the Amended Complaint on September 29, 2016. (ECF No. 55).

On October 11, 2016, the court entered a scheduling order based upon the parties' attorney planning report. (ECF No. 59.) The scheduling order set a February 10, 2017 deadline

for the parties to amend their pleadings. (ECF No. 59 at 3.)[1]

On February 28, 2018, the Weber County Defendants filed a Motion for Leave to Amend Their Answer "to include an additional affirmative defense relating to setoff and apportionment of the injuries allegedly suffered by Plaintiffs." (ECF No. 152 at 3.) The Weber County Defendants argued that good cause exists to amend due to "the recent settlement between Plaintiffs and Ogden City . . . ." (*See* ECF No. 152 at 3.) The Weber County Defendants argued that due to this settlement, and because "[t]he claims against Ogden City are nearly identical to the claims against [the] Weber County Defendants," "the issue of setoff is now a pertinent matter before the Court since Ogden will be dismissed as a party." (ECF No. 152 at 3.) The Weber County Defendants also argued that "[s]etoff was not a relevant issue in this suit before Ogden City settled the claims against it independently of Weber County Defendants." (ECF No. 152 at 3.)

On March 14, 2018, the Plaintiffs filed their Opposition to the Weber County Defendants' Motion to Amend. (ECF No. 155.) Plaintiffs "oppose[d] [the Weber County Defendants'] motion to amend their answer to add an affirmative defense for two reasons." (ECF No. 155 at 1.) First, the Plaintiffs argued that "the motion is untimely and there is no 'good cause' under Rule 16(b) to allow an out-of-time amendment." (ECF No. 155 at 1.) In support of this argument, the Plaintiffs argued that the Weber County Defendants "were aware or on notice of all the operative facts and law about their proposed defense at the time of the cutoff to amend their answer over a year ago." (ECF No. 155 at 2.) The Plaintiffs further argued that any implication that the Weber County Defendants "could not have known about their proposed defense until Ogden City actually settled with the Plaintiffs" "is not good cause to amend"

---

[1] On March 21, 2017, the parties moved to amend the scheduling order, but did not change the deadline to amend pleadings. The court entered the amended scheduling order the next day, which maintained the then-passed amendment deadline of February 10, 2017. (*See* ECF No. 69 at 3.)

2

because the fact that "there was another independent party facing claims in these cases who could possibly also compensate [the] Plaintiffs is all that" the Weber County Defendants "needed to know to assert their defense." (ECF No. 155 at 2.) The Plaintiffs' second argument was that "the proposed defense is futile" under both Utah law and "[f]ederal common law." (*See* ECF No. 155 at 1.)

On March 28, 2018, the Weber County Defendants filed their Reply in support of their Motion. (ECF No. 166.) The Weber County Defendants made two arguments in their Reply. (ECF No. 166 at 2.) First, they argued that "[g]ood cause exists to allow the Amended Answer." (ECF No. 166 at 2.) In support of their first argument, the Weber County Defendants provided:

> The settlement of Ogden City completely changes the posture of this suit. The claims against Ogden City were nearly identical to the claims against Weber County Defendants. If Ogden City were to have remained in this suit, any damages awarded would have been apportioned between all Defendants. However, after the settlement this will not happen anymore unless Weber County Defendants show[] they are entitled to a setoff. With Ogden City dismissed as a party, the strategy of this suit necessarily changes for Weber County Defendants, and accordingly move the Court to amend their answer.

(ECF No. 166 at 2.) The Weber County Defendants did not, however, respond to the Plaintiffs' argument that the Defendants "were aware or on notice of all the operative facts and law about their proposed defense at the time of the cutoff to amend their answer over a year ago." (ECF No. 155 at 2.) That is, the Weber County Defendants did not address why they could not have raised this potential defense before the deadline to amend pleadings. The Weber County Defendants' second argument was that "[a]mending the Answer would not be futile." (ECF No. 166 at 2.) In support of this argument, Defendants argue that they "have found cases that suggest a setoff is allowed in Section 1983 suits." (ECF No. 166 at 3.)

3

**SETOFF**

"Whether a right of contribution exists on behalf of § 1983 defendants who are jointly and severally liable is a complex, unresolved question." Martin A. Schwartz, Section 1983 Litigation Claims and Defenses, § 16.15 (4th ed., 2017). "Closely related to the issue of contribution, and equally difficult and unsettled, is the effect that should be given to a settlement by one defendant on the liability of a non-settling codefendant when the defendants are jointly and severally liable." *Id*. "While 42 U.S.C. § 1983 provides for awards of damages for violations of civil rights, it unfortunately does not address such detailed damages questions" like "settlement setoff." *Goad v. Macon Cty., Tenn.*, 730 F. Supp. 1425, 1426 (M.D. Tenn. 1989). "However, neighboring 42 U.S.C. § 1988 does at least provide a basic analytical framework for resolving problems such as these." *Id*.

Section 1988 provides a three-step analysis that is summarized as follows. First, "Section 1988 . . . requires courts . . . to determine whether 'suitable' federal law exists." *Crews v. Cty. of Nassau*, 612 F. Supp. 2d 199, 209 (E.D.N.Y. 2009) (quoting *Mason v. City of New York*, 949 F. Supp. 1068, 1077 (S.D.N.Y. 1996)). In other words, with regard to setoff, a court must determine "whether federal law addresses the setoff question, or whether federal law is 'deficient' in this matter . . . ." *Goad* 730 F. Supp. at 1427. Second, if federal law is deficient courts must compare "relevant state law" "with principles underlying Section 1983 and 1988." *Crews*, 612 F. Supp. 2d at 209 (citation omitted). "If there is no inconsistency between these two bodies of law, the state law solution to the problem will be applied." *Id*. (citation omitted). Third, "[i]f there is an inconsistency, the state law must be rejected, and [the] court must fashion an appropriate remedy to carry out the congressional purposes behind the civil rights legislation." *Id*. (citation omitted).

"Absent § 1983's specific reference to setoff, courts which have considered the issue have followed two [different] approaches towards resolving the applicable rule of decision." *Banks ex rel. Banks v. Yokemick*, 177 F. Supp. 2d 239, 254 (S.D.N.Y. 2001).

"The first, adopted by the Third Circuit in *Miller*, relies on the authority of federal courts to resolve 'interstitial' questions that Congress has left open in federal statutory schemes." *Id.* at 254–55 (citing *Miller v. Apartments & Homes of New Jersey, Inc.*, 646 F.2d 101, 107–08 (3d Cir. 1981)). In the context of the three-step analysis outlined above, the court in *Miller* stopped at step one and found that federal law was not deficient on the subject of setoff in civil right actions. *See Miller*, 646 F.3d at 106–10; *see also Goad*, 730 F. Supp. at 1428 ("In *Miller,* the Third Circuit avoided [the] deficiency problem by fashioning a federal common law remedy to fill the void on this damages question left by the civil rights statutes."). In *Miller*, the court did not consider state law, but instead "appl[ied] federal common law and reduc[ed] the damages award by the amount of settlement." *Big Elk v. Bd. of Cty. Comm'rs of Osage Cty.*, 3 F. App'x 802, 809 (10th Cir. 2001).

"The second [approach] is that adopted by the Fifth Circuit panel in *Dobson v. Camden,* 705 F.2d 759, 763 (5th Cir.1983) ('*Dobson I*'), *rev'd on other grounds,* 725 F.2d 1003 (5th Cir.1984) ('*Dobson II*')." *Yokemick*, 177 F. Supp. 2d at 254. Unlike the court in *Miller*, the *Dobson I* court determined that "federal law is deficient on the effect of a plaintiff's settlement with a joint tortfeasor on a judgment against a nonsettling tortfeasor." *Dobson I*, 705 F.2d at 763. Those courts that follow *Dobson I's* approach have "conclude[d] that the availability of setoff under Section 1983 requires consideration of state law and its consistency with the federal policies underlying Section 1983." *E.g. Mason* 949 F. Supp. at 1077.

5

The Tenth Circuit, in an unpublished decision, appears to have concluded that setoff was allowable in a Section 1983 action under either federal common law or under state law that was consistent with federal common law. *See Big Elk v. Bd. of Cty. Comm'rs of Osage Cty.,* 3 F. App'x 802, 809 (10th Cir. 2001) ("For purposes of this case, whether we are guided by federal law or state law is not important because, under either, there would be a reduction in the plaintiffs' actual damages award because of the money received as part of the settlement agreement."). In so doing, the Tenth Circuit cited *Miller* as "applying federal common law and reducing the damages award by the amount of settlement." *Id*. The Tenth Circuit appears to at least partially embraced *Miller's* federal common law approach to settlement setoff.[2]

While some aspects of the law surrounding setoff are unsettled, others are clearer. For example, "under either state or federal law, a prerequisite for applying a setoff is joint liability." *Beck v. Manistee Cty.*, No. 1:97-CV-533, 2005 WL 3262437, at *2 (W.D. Mich. Dec. 1, 2005) (citation omitted). Additionally, "[c]ourts have concluded that setoff is an affirmative defense which must be pleaded or it is waived." *Glover v. Johnson*, No. CIV-14-936-F, 2016 WL 5854282, at *1 (W.D. Okla. Oct. 6, 2016) (citations omitted); *see also Laethem Equip. Co. v. Deere & Co.*, 485 F. App'x 39, 51 (6th Cir. 2012) ("Entitlement to a setoff is an affirmative defense that must be pled and proven by the party asserting it.").

## ANALYSIS

The court addresses (1) Plaintiffs' futility argument and then (2) Plaintiffs' Rule 16(b) argument.

---

[2] This court notes that district courts within the Third Circuit have held that "*Miller* is no longer good law." *Hay v. Somerset Area Sch. Dist.*, No. 3:16-CV-229, 2017 WL 5029057, at *4 (W.D. Pa. Oct. 31, 2017) (citation omitted). Some of these district courts have held that "*Miller* was based on an expansive notion of the federal courts' power to create federal common law, which the Supreme Court [has] explicitly rejected in [*Northwest Airlines, Inc. v. Transport Workers Union of America*, 451 U.S. 77 (1981)] and [*Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981)]. *Id*. (citation omitted).

1. **<u>Futility</u>**

Plaintiffs argue that this court "may independently deny [Defendants'] motion because the proposed defense is futile." (ECF No. 155 at 3.) Defendants argue that Plaintiffs' futility argument is "conclusory." The court agrees and finds that Plaintiffs have not met their burden in establishing futility.

"When a defendant moves to amend an answer to add an affirmative defense, futility is examined in the context of a motion to strike under Fed.R.Civ.P. 12(f)." *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *2 (D. Kan. June 6, 2012) (citation omitted). "Within the meaning of Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances." *Id.* (citation omitted) (internal quotation marks omitted). *Id.* "To warrant striking a defense, its insufficiency must be clearly apparent and no factual issues exist that should be determined in a hearing on the merits." *Id.* (citation omitted) (internal quotation marks omitted). Importantly, "the party asserting futility has the burden to establish futility." *Id.* (citation omitted).

As noted above, "under either state or federal law, a prerequisite for applying a setoff is joint liability." *Beck v. Manistee Cty.*, No. 1:97-CV-533, 2005 WL 3262437, at *2 (W.D. Mich. Dec. 1, 2005). Defendants argue that "[t]he claims against Ogden City are nearly identical to the claims against Weber County Defendants . . . ." (ECF No. 152 at 3.) Plaintiffs do not argue whether or not there is "any basis for joint liability of the settling defendants" and the non-settling defendants. *Goad v. Macon Cty., Tenn.*, 730 F. Supp. 1425, 1426 (M.D. Tenn. 1989). Because Plaintiffs, as "the party asserting futility" have "the burden to establish futility," and because they make no argument on this point, the court assumes joint liability for the purpose of resolving this Motion.

Plaintiffs argue that the proposed defense is futile because Utah law and "[f]ederal common law" do not allow Defendants' liability to "be lessened by compensation by third parties." (ECF No. 155 at 3.) But Plaintiffs do not address the Tenth Circuit's unpublished decision in *Big Elk*, 3 F. App'x at 809, and whether it provides support for the proposition that the Tenth Circuit would adopt *Miller's* approach to the setoff issue. Under the approach adopted by *Miller*, courts do not reach step two of the Section 1988 analysis—consideration of state law. If the Tenth Circuit has adopted the approach used in *Miller*, Plaintiffs' argument regarding Utah law is not relevant. And if the Tenth Circuit has adopted *Miller's* approach, Plaintiffs' argument that "federal common law" bars Defendants' proposed affirmative defense is incorrect because the court in *Miller* "appl[ied] federal common law and reduc[ed] the damages award by the amount of settlement." *Big Elk* 3 F. App'x at 809. Thus, if the Tenth Circuit has adopted the approach used in *Miller*, Plaintiffs' futility argument fails because, assuming joint liability, Defendants' proposed affirmative defense, if properly pleaded, would very likely be sufficient.

But even if the Tenth Circuit would reject the approach used in *Miller*, and instead adopt *Dobson I's* approach, Plaintiffs' futility argument would still fail. Plaintiffs have not addressed the second step of the Section 1988 analysis—whether there is any inconsistency between Utah law and the principles underlying Section 1983. Plaintiffs have therefore failed to meet their burden in establishing futility because they have not demonstrated that it is clearly apparent that Defendants' proposed affirmative defense is insufficient as a matter of law.

2. **Rule 16(b)**

Because the Weber County Defendants seek to amend their answer after the time for amendment under the court's scheduling order has expired,[3] they must demonstrate both "(1)

---

[3] As discussed, the parties were required under the scheduling order to amend their pleadings no later than February 10, 2017. (ECF Nos. 59 & 69.)

good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). The court begins by considering Rule 16's good cause requirement. *See id.* at 1241–42.

"Rule 16(b)'s 'good cause' standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)).

The court has the discretion to determine whether the moving party has established good cause in any particular case. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015). In the Tenth Circuit, good cause "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* (alteration in original) (quoting *Gorsuch*, 771 F.3d at 1240). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id*. (quoting *Gorsuch*, 771 F.3d at 1240). "If the plaintiff knew of the underlying conduct but simply failed to raise [the appropriate] claims, however, the claims are barred." *Id* (quoting *Gorsuch*, 771 F.3d at 1240); *accord Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.") (internal quotation marks omitted) (citation omitted)). Good cause to amend does not exist where a party fails to bring an available claim due to an error of law or fact, a

9

strategic decision, or a mere oversight. *See, e.g.*, *Gorsuch*, 771 F.3d at 1241–42 (concluding plaintiffs' error of law did not constitute good cause to amended their pleadings after the amendment deadline).

In *Zisumbo v. Ogden Regional Medical Center*, 801 F.3d 1185 (10th Cir. 2015), the Tenth Circuit considered whether amendment beyond the scheduling order deadline should be permitted. *Id.* at 1196. The plaintiff had sued his employer for race discrimination and retaliation in violation of Title VII and for a violation of Utah law. He subsequently moved to amend his complaint to add a § 1981 claim and additional state law claims based on the same facts underlying the Title VII race discrimination claims. *Id.* at 1194. He offered two explanations for the untimely amendment: first, that his lawyer did not realize until later that he could assert a § 1981 claim and, second, that he only learned of the facts necessary to assert the state law claims in discovery. *Id.* at 1196. The Court rejected both arguments, holding that amendment was not appropriate because the plaintiff possessed all of the facts necessary to assert these claims well before the deadline for amending the complaint had expired. *Id.* The court explained, "belated realizations" that a claim not previously pled may be available, absent new facts, "do not justify granting an untimely motion to add new claims." *Id.*[4]

Considering the Weber County Defendants' motion in light of the case law, the court concludes they have not shown good cause to amend their answer. The Weber County Defendants argue that good cause exists because "[t]he settlement of Ogden City completely changes the posture of this suit" and because the Weber County Defendants "moved the Court for leave to amend promptly after learning about the settlement . . . ." (ECF No. 166 at 2.)  But,

---

[4] Notably, the Court in *Zisumbo* considered this issue under Rule 15's more lenient standard. 801 F.3d 1185, 1195 (10th Cir. 2015) (Where the "parties dispute[d] whether Rule 15 or Rule 16 of the Federal Rules of Civil Procedure govern[ed] [the court's] consideration of [the] issue," the court concluded "we need not resolve this dispute because Zisumbo failed to provide any justification for his delay, and therefore [could not] satisfy even Rule 15's more lenient standard.").

as noted above, the Weber County Defendants did not respond to the Plaintiffs' argument that the Defendants "were aware or on notice of all the operative facts and law about their proposed defense at the time of the cutoff to amend their answer over a year ago." (ECF No. 155 at 2.) The court agrees with the Plaintiffs that the fact that there was another independent party facing claims in these cases who could possibly also compensate the Plaintiffs is all that the Weber County Defendants needed to know to assert their proposed defense. In other words, the Weber County Defendants knew, or should have known, all of the facts and law necessary to raise the potential affirmative defense relating to setoff well before the deadline to amend pleadings.

The Weber County Defendants' decision not to plead this additional defense—whether the result of a strategic decision, an erroneous assumption of law or fact, or mere oversight—does not present grounds for amendment now, more than a year after the amendment deadline has passed. *See Birch*, 812 F.3d at 1248–49 (10th Cir. 2015) ("Because Appellants 'knew of the underlying conduct but simply failed to raise [their] claims,' *Gorsuch*, 771 F.3d at 1240, they cannot establish 'good cause' under Rule 16."). The court rejects any argument that the Weber County Defendants could not have learned of this potential defense only after Ogden City's settlement. Accordingly, Rule 16(b)(4) prohibits amendment here.

The court's decision to deny the Weber County Defendants' Motion is based on their failure to demonstrate good cause. Because the court's decision is based on Rule 16(b)(4), it is unnecessary to consider whether amendment would be permitted under Rule 15(a)'s more lenient standard. *See Gorsuch*, 771 F.3d at 1242 ("Having concluded [plaintiffs] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue, and decline to do so."); *accord Birch*, 812 F.3d at 1249. Nevertheless the court would find that the Weber County Defendants also failed to adequately justify their delay in seeking to

amend their answer and deny the Motion under Rule 15(a) as well.

## CONCLUSION

For the foregoing reasons, the court **DENIES** the Weber County Defendants' Motion for Leave to Amend their Answer, (ECF No. 152).

DATED this 17th day of December, 2018.

BY THE COURT:

CLARK WADDOUPS
United States District Judge