| | |
|---|---|
| John Mejia (Bar. No. 13965)<br>Leah Farrell (Bar. No. 13696)<br>ACLU of Utah Foundation, Inc.<br>355 N. 300 W.<br>Salt Lake City, UT  84013<br>phone: (801) 521-9862<br>email: aclu@acluutah.org | Randall Richards (Bar No. 4503)<br>Richards & Brown PC<br>938 University Park Blvd, Suite 140<br>Clearfield, UT  84105<br>phone: (801) 773-2080<br>email:Randy@richardsbrownlaw.com |

Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### NORTHERN DIVISION

| | |
|---|---|
| **LELAND KIM MCCUBBIN, JR.** and **DANIEL JOSEPH LUCERO,**<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>**WEBER COUNTY and CHRISTOPHER ALLRED, in his official capacity,**<br><br>　　　　　Defendants. | **Notice of Supplemental Authority**<br><br>Consolidated Case Nos. 1:15-cv-132 & 1:15-cv-133 |

Plaintiffs in these consolidated actions, Leland Kim McCubbin, Jr. and Daniel Joseph Lucero, (together, "Plaintiffs"), through their attorneys and pursuant to DUCivR 7-1(b)(4), submit this Notice of Supplemental Authority in support of their pending motion for partial summary judgment (Doc. 93) and against the motion for summary judgment filed by Defendants Weber County and the Weber County Attorney (together, "Weber Defendants") (Doc. 156).

### SUPPLEMENTAL AUTHORITY

#### A.  Utah Constitution Due Process Claims

In their motion for summary judgment, Weber Defendants posited that Plaintiffs must "identify a county employee who violated their rights" or have all of their claims dismissed,

1

including under the state and federal constitutions.  Weber Defs.' MSJ, Doc. 156, at pp. 16-17.

A recent Utah Supreme Court case has clarified that this assertion of law is not correct for claims brought under the Utah constitution.

In *Kuchcinski v. Box Elder Cty*, 2019 UT 21, (June 3, 2019, slip opinion), the Utah Supreme Court, considering due process claims against a municipality brought under sections 7 and 8 of article I of the Utah Constitution, ruled that:

> We hold that a plaintiff does not have to identify a specific municipal employee in order to demonstrate that a flagrant violation of his or her constitutional rights occurred.  Rather, it suffices to plead and prove against the municipality that municipal actors committed a flagrant violation against the plaintiff and that the violation resulted from a policy or custom of the municipality.

*Id*. at ¶ 21.[1]  The *Kuchcinski* Court also correctly and persuasively explained that the same proposition was true when proving federal constitutional claims brought under Section 1983. *See id.* at ¶¶ 26-29.

### B.  Federal Due Process Claims

Weber Defendants have pointed to some California state court rulings regarding gang injunctions as persuasive in this case.  Accordingly, it is worth noting that in December 2017, shortly after Plaintiffs filed their motion for partial summary judgment and Weber Defendants moved for summary judgment, the California Court of Appeal held that it would violate a purported gang member's federal procedural due process rights to hold him in criminal contempt of a gang injunction when the purported gang member had not been granted pre-deprivation due process before being served with the injunction.  *See People v. Sanchez*, 18 Cal. App. 5th 727,

---

[1] In any event, even if Weber Defendants had stated the correct standard, Plaintiffs could meet it, because they specifically identified Weber County policymakers and employees directly responsible for forming and carrying out county polices and practices that flagrantly violated Plaintiffs' rights, such as the County Attorney.

755-56 (2017).  In coming to this conclusion, the *Sanchez* court applied the *Mathews v. Eldridge*, 424 U.S. 319 (1976) standard with a heavy reliance on the Ninth Circuit's decision in *Vasquez v. Rackauckas*, 734 F.3d 1025 (9th Cir. 2013).  *See Sanchez*, 18 Cal. App.5th at 739-56.  Notably, the *Sanchez* court rejected the proposition that *Vasquez's* due process analysis applied only when the entity obtaining the injunction employed a "dismiss-and-serve" practice, but rather concluded that *Vasquez's* reasoning applied even when the served individual had not been named and served in the underlying injunctive action.  *See Sanchez*, 18 Cal.App. 5th at 740-741 ("Furthermore, while *Rackauckas's* holding is limited to the circumstances of its plaintiffs—who were initially named as defendants in the original injunction proceeding but, after appearing in the action, were voluntarily dismissed—for purposes of the requisite due process analysis, we see no meaningful distinction between Sanchez's situation and that of the *Rackauckas* plaintiffs.")

Dated: June 14, 2019

SIGNED

s/ John Mejia

| | |
|---|---|
| John Mejia (Bar. No. 13965) | Randall Richards (Bar No. 4503) |
| Leah Farrell (Bar. No. 13696) | Richards & Brown PC |
| ACLU of Utah Foundation, Inc. | 938 University Park Blvd, Suite 140 |
| 355 N. 300 W. | Clearfield, UT  84105 |
| Salt Lake City, UT  84013 | phone: (801) 773-2080 |
| phone: (801) 521-9862 | email:Randy@richardsbrownlaw.com |
| email: aclu@acluutah.org | |

## CERTFICATE OF SERVICE

I certify that I served a copy of the foregoing brief to counsel for all Defendants via the Court's CM/ECF system.

s/John Mejia
June 14, 2019