John Mejia (Bar. No. 13965)
Leah Farrell (Bar. No. 13696)
ACLU of Utah Foundation, Inc.
355 N. 300 W.
Salt Lake City, UT  84013
phone: (801) 521-9862
email: aclu@acluutah.org

Randall Richards (Bar No. 4503)
Richards & Brown PC
938 University Park Blvd, Suite 140
Clearfield, UT  84105
phone: (801) 773-2080
email:Randy@richardsbrownlaw.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION**

| | |
|---|---|
| **LELAND KIM MCCUBBIN, JR. and DANIEL JOSEPH LUCERO,**<br><br>Plaintiffs,<br><br>vs.<br><br>**WEBER COUNTY and CHRISTOPHER ALLRED, in his official capacity,**<br><br>Defendants. | **Motion to Reopen Discovery and Memorandum in Support (Expedited Consideration Requested)**<br><br>Consolidated Case Nos. 1:15-cv-132 & 1:15-cv-133 CW CMR |

Pursuant to DUCivR 37-1 Plaintiffs move for a six-week period to reopen discovery, to begin as soon as possible, for Plaintiffs to ensure the accuracy and completeness of Weber Defendants' discovery responses and deposition testimony about any gang documentation and information sharing by Weber Defendants, particularly the jail gang unit.  Plaintiffs' counsel certifies the following reasonable efforts were taken to resolve this question without court intervention:  On October 4, 2019 Plaintiffs' counsel emailed Weber Defendants' counsel to request this relief.  Defense counsel agreed generally to reopening discovery, but prefers that it end in January, while Plaintiffs seek an immediate 6-week period.  Plaintiffs' counsel emailed a proposed order to defendants on October 11, 2019 and has received no response as of this date, on which the

1

Plaintiffs advised defendants they would be filing a motion absent a response.

As Plaintiffs urgently want to avoid any further delay in this case, they seek expedited resolution of this motion and an expedited discovery period on the terms set out in the proposed order.

### Argument

Because Plaintiffs carry the burden regarding their injunctive claims related to being listed in any gang-related records kept by Weber Defendants, they need as correct and thorough a record on that question as possible. As the Court raised significant questions as to the accuracy of Weber Defendants' representations on this topic, it is important to reopen discovery. Specifically, Plaintiffs seek a six-week period, beginning immediately, in which the Plaintiffs issue a limited number of document requests and interrogatories (10 each) and notice a limited number of depositions (no more than 5, some of whom may have already sat for deposition) focused on exploring any gang-related records of Weber Defendants, with no additional discovery by Defendants.

> Whether to extend or reopen discovery is committed to the sound discretion of the trial court… [R]elevant factors… concerning whether discovery should be reopened, include[e]: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted).

Granting this request here is within these factors. Trial is not imminent. Weber Defendants do not oppose the idea of reopening discovery generally, though they have not agreed to the proposed terms. Plaintiffs were diligent in seeking information during discovery, and did not

know of potential deficiencies until the Court's recent summary judgment order.  Plaintiffs' discovery requests will be tailored, making them likely to lead to relevant evidence.  As long as Weber Defendants exercise good faith diligence, Plaintiffs anticipate that six weeks will suffice, given that the subject matter of the discovery will be limited, making for shorter depositions and a limited document production.

Dated: October 16, 2019

SIGNED

s/ John Mejia
John Mejia (Bar. No. 13965)
Leah Farrell (Bar. No. 13696)
ACLU of Utah Foundation, Inc.
355 N. 300 W.
Salt Lake City, UT  84013
phone: (801) 521-9862
email: aclu@acluutah.org

Randall Richards (Bar No. 4503)
Richards & Brown PC
938 University Park Blvd, Suite 140
Clearfield, UT  84105
phone: (801) 773-2080
email:Randy@richardsbrownlaw.com

## CERTFICATE OF SERVICE

I certify that I served a copy of the foregoing motion to counsel for Weber Defendants via the Court's CM/ECF system.

s/John Mejia
October 16, 2019